UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CURTIS GENE COPELAND, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-100 |
| | § | |
| RONALD FERRELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated TDCJ-CID's McConnell Unit in Beeville, Texas. He filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining about the failure of medical personnel to provide him with dentures (D.E. 1). Pending is his second motion for appointment of counsel (D.E. 23).

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus

requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings demonstrate that he is reasonably intelligent, articulate, and able to describe the facts underlying his claims. He appears, at this stage of the case, to be in a position to adequately investigate and present his case. Plaintiff states he is not able to visit the law library because he is in administrative segregation, but he is able to obtain legal materials from the law library by request, and he can also request the assistance of other inmates.

Plaintiff's case is scheduled for an evidentiary hearing on June 27, 2013, and he is not permitted to conduct discovery or request a lawyer until after that hearing is completed and his claims are screened. At the evidentiary hearing, plaintiff will be required to answer questions about the facts that form the basis for his claims. He does not need to produce records or evidence. He does not need a lawyer for the evidentiary hearing. He can ask questions about the discovery process at that time.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has

not been set for trial; in fact plaintiff's claims have not yet been screened pursuant to 28 U.S.C. § 1915A.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's second motion for appointment of counsel (D.E. 23) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 20th day of June, 2013.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE